UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-20124-WILLIAMS

UNITED STATES OF AMERICA

vs.

MITCHELL LICHTMAN,

    Defendant.
_____/

### UNITED STATES'S RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Defendant Mitchell Lichtman has filed a motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE:82). In sum, the defendant argues his September 2015 sentence of 151-months imprisonment related to his receipt and possession of child pornography involving thousands of images and multiple videos of child pornography—including toddlers engaged in sexual acts—should be reduced to time served. The defendant asserts he should be released early to care for his mother, and because he was only 25 years old at the time of the offenses.

In response, the United States respectfully submits that the defendant has failed to meet his burden and allege facts, or provide proffered evidence, sufficient to establish the requisite "extraordinary and compelling reason" necessary for the Court to even consider granting the requested relief. Further, the facts underlying the defendant's offense of conviction involved his receipt and possession of thousands of videos and images of children, including preteens and toddlers committing sexual acts. Thus, both the 3553(a) factors and the need to protect the public from further offenses by this defendant mitigate heavily against early release. The defendant's motion should be denied.

1

## FACTS OF THE OFFENSE
## AND RELEVANT PROCEDURAL HISTORY

On September 4, 2014, law enforcement, utilizing investigative software identified a computer at the defendant's residence on the eDonkey peer-to-peer ("P2P") file-sharing network whose shared folder possibly contained images of child pornography. The shared folder of the defendant's computer, utilizing IP address 99.3.185.148, was listed as possessing files with hash values unique to files depicting suspected child pornography.

After a search warrant was executed, law enforcement conducted a forensic review of defendant's electronic items, including an Ultra desktop computer and multiple thumb drives. On his electronic items, the defendant had approximately 620 video files and 10,200 images, many of children under the age of 12, engaged in sexually explicit conduct. (Presentence Investigation Report ("PSI") ¶ 23). The content includes images of toddlers and preteens being sexually abused. (PSI ¶¶ 18-21). For example, one video file, titled "(Pthc) 6yo rape and scream (Gay).mpg," depicted an adult male performing oral sex on a naked preteen boy and another video file of multiple adult males engaging in intercourse and sexual activity with a preteen/toddler female. (PSI ¶ 18). A thumb drive contained an image file, partially titled "Incest_Little_Girl_Rape_Sex.jpg," of a female toddler holding the penis of an adult male. (PSI ¶ 21). At the time of offenses, the defendant was unemployed and the main caregiver for his mother "A.L," who was suffering from advanced multiple sclerosis. (PSI ¶¶ 26, 52, 71).

The defendant was indicted on count of receipt of child pornography and three counts of possession of child pornography. (DE: 13). Defendant pleaded guilty to counts one and two of the indictment on July 23, 2015. (DE: 28). In advance of sentencing, the defendant filed a sentencing memorandum requesting a variance based on his mother's progressive multiple sclerosis medical condition, and a psychologist report's perceiving the defendant to be a low risk of recidivism. (DE:40). The U.S. Probation Office calculated an advisory guideline range of 151 to 188 months' imprisonment. (PSI ¶ 86). On September 25, 2015, the defendant was sentenced to 151 months' confinement. (DE:56). The Court

denied the defendant's request for a variance. (DE:48). On December 14, 2015, the Court amended defendant's sentence to include restitution. (DE:67).

The defendant filed a direct appeal. The appeal was denied on May 1, 2017. On April 28, 2025, the defendant filed a motion seeking his immediate compassionate release. (DE:82). The defendant is scheduled for release on October 2, 2026. https://www.bop.gov/inmateloc/. The defendant has committed three violations in federal prison: (1) possession of a non-hazardous tool; (2) giving/accepting money without authorization; and (3) possessing gambling paraphernalia.

## THE RELEVANT STATUROY FRAMEWORK

Once imposed, there is no inherent authority for a court to modify a sentence of imprisonment. *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). One limited exception to this general rule is set forth in 18 U.S.C. § 3582(c). Pursuant to this section, "The Court may not modify a term of imprisonment once it has been imposed except that –

(1) in any case –

(A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . *after considering the factors set forth in section 3553(a)* to the extent that they are applicable, if it finds that --

(i) *extraordinary* and *compelling* reasons warrant such a reduction; . . .

and that, such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*Id*. (emphasis added). Subsection (a) of the Sentencing Commission's Policy Statement, as amended on November 2, 2023, generally tracks the language of 3582(c) by requiring a Court to consider the 3553(a) factors, and by determining that (1)(A) "extraordinary and compelling reasons warrant the reduction, . . . [and] (3) that the reduction is consistent with the policy statement." U.S.S.G. § 1B1.13 (Nov. 1, 2023).

3

Additionally, the Commission also requires as part of the policy statement that the Court determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §3142(g)." § 1b1.13(a)(2).

In relevant part here, the newly amended policy statement's definition of an extraordinary and compelling reason" reads as follows:

> (3)  FAMILY CIRCUMSTANCES OF THE DEFENDANT.—
>
>> (A) The death or incapacitation of the caregiver of the defendant's minor child or minor children the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3) (Eff. Nov. 1, 2023). When a defendant's compassionate release motion is filed, "Defendant bears the burden of establishing that compassionate release is warranted. *United States v. Varela*, 2023 WL 6142462 (S.D. Fla., Sep. 20, 2023) (slip copy), citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

Defendant Lichtman's motion for early release should be denied for multiple reasons. First, the defendant's motion also fails to establish that the defendant, if released, will not pose a

4

danger to the public.  And even if the Court was inclined to reduce his sentence, the Court cannot do so because the defendant's motion and supporting documentation has failed to establish an extraordinary and compelling basis necessary as a prerequisite for the Court to even have discretion to grant the defendant's request for relief.

**1. The defendant has exhausted his administrative remedies.**

The United States accepts that the defendant has exhausted his administrative remedies, pursuant to 3582(c)(1)(A) and may therefore file this motion directly with the Court.

**2. The Defendant Has Failed To Establish the requisite "Extraordinary and Compelling Reason" necessary to justify consideration of compassionate release.**

*Caregiver Provision*

Defendant Lichtman argues that he fits within the amended policy statement's definition of extraordinary and compelling reasons for release.  Specifically, the defendant argues that his mother A.L, is: (1) medically incapacitated; (2) that the defendant is "the only available caregiver for the parent."  (DE:82 at p.3).  In response, the United States respectfully submits that the defendant's pleading fails to assert sufficient facts necessary to meet his burden of establishing any, much less both, of these prerequisite facts.

First, in regard to "medical incapacitation," the defendant has submitted a one-page medical record dated April 5, 2024, that avers that his mother is suffering from serious chronic illnesses, including multiple sclerosis.  (DE:82 at p. 31).   But the record is incomplete.  A.L.'s medical condition of progressive multiple sclerosis was known at the time of sentencing.  While the court record indicates that A.L. suffers from multiple sclerosis, there is no information in those records that allows the government or the Court to fully assess the extent of A.L.'s disability and

5

her ability to provide self-care as of today as opposed to over a year ago. A.L.'s medical condition could have changed from over a year ago. While the government is sympathetic to A.L.'s description of her health problems, the letters authored by her (DE:82 at pp. 27, 28), are from one and two years ago, respectively, and do not supply any information as to her ability for self-care and current medical condition as of today or around the time the defendant filed the instant motion.

Because the defendant has the burden of proof on this issue, additional current information would need to be provided for the United States or the Court to meaningfully evaluate whether A.L. has been incapacitated such as to fall within the scope of § 1b1.13(a)(2). *See United States v. Gunkel*, 2023 WL 6160612, *2 (N.D. Okl. Sep. 21, 2023) (declining 3582 motion in part due to defendant's failure to present "medical records or other supporting evidence establishing his parents are medically incapacitated and the need for in-home care.").

And second, the letters submitted with the defendant's motion do not establish that the defendant is the "sole" family member available to care for his mother. (DE:82). The letters state that the defendant is her only child, but his mother does not state she has no other relatives such as a brother, sister, or parent that could care for her. The defendant claims that his mother's only caregiver, her long-time companion, "S.M."—passed away about three years ago, however, the defendant does not include a copy of the death certificate. The letters offer that after S.M. died the mother hired a caregiver, but that money "dried up." The defendant offers no reasons why the mother's financial situation changed, especially when she sold her residence in 2021, and that she may receive social security disability payments, and that there are numerous social programs possibly available for assistance. The defendant also fails to explain what his mother did with the money she earned when she sold her house in 2021 that she and S.M. owned.

According to public records, A.L. and S.M. sold their residence in September 2021 for $720,000, for approximately double the purchase price in 2000. *See* Miami-Dade Property Appraiser Records for 1549 Zuleta Ave, Coral Gables, FL 33146; attached hereto; (PSI ¶ 61) (showing A.L. owned this property at the time of sentencing).

*Age at Time of Offense*

Lichtman asks this Court to consider his age at the time of the offense—25 yrs old—in conjunction with his rehabilitation to determine compassionate release is appropriate, and he cites to numerous cases throughout the country that have addressed age at the time of offense. The defendants in the cases he cites were much younger than the defendant when he committed the instant offense and were sentenced for much longer sentences:

- *United States v. Clowers*, 2024 WL 3461752, *5 (M.D.Ga., July 18, 2024) (age at time of offense – 19-years-old and sentenced to life)

- *United States v. Thompson*, 2022 WL 17092733, *4 (M.D.Fl, November 21, 2022) (age at time of offense - 19-years-old and sentenced to 55 years in prison)

- *United States v. Russell*, 2021 WL 1597927, *9 (N.D.Al, April 23, 2021) (no age provided by the court but referred to defendant as "relatively young" at time of offense and sentenced to life imprisonment).

The defendants in the cases cited by Lichtman were relatively much different than the defendant before this court. These defendants were 6 years younger than Lichtman when they committed the offenses and had either life sentences or life-equivalent sentences imposed. Lichtman is set for release in October 2026. Compared to the other defendants he cites, Lichtman in his acceptance of responsibility statement acknowledged that he clearly understood his actions

7

and appreciated the impact of his actions on his victims.   (PSI ¶ 26).

Lastly, he claims that his rehabilitation and proximity to release justify a time-served sentence.  While the defendant should be commended on his efforts to rehabilitate himself, rehabilitation alone is not an extraordinary and compelling reason for purposes of the policy statement.  See U.S.S.G. 1B1.13(d); *United States v. Robertson*, 2025 WL 239925, *4 (M.D.Fl January 17, 2025).   And similarly, the defendant committed an offense where he collected and searched for child pornography involving toddlers.   He should serve the remainder of his sentence.  BOP will give him any early release based on good conduct while in prison should he deserve it.

### 3. The Defendant's Request for Early Release is Inconsistent with the Sentencing Factors of 18 U.S.C. § 3553(a).

Even if the defendant had established the "extraordinary and compelling reasons" necessary to be eligible for compassionate relief, *which this defendant has not*, § 3582(c) still requires a court to consider whether the requested reduction is consistent with 18 U.S.C. § 3553(a).

Relevant 3553(a) factors in this instance include: the "characteristics of the defendant;" "the nature and circumstances of the offense;" "the seriousness of the offense;" "deterrence to criminal conduct;" "[protection] of the public from further crimes by the defendant," and "[promoting] respect for the law." See 18 U.S.C. § 3553(a)(1).  When these factors are applied to this case–the early release of the defendant should be denied.

*The seriousness of the misconduct weighs heavily against early release.*   The defendant's offense of conviction involved his receipt and possession of thousands of videos and images of children, including preteens and toddlers committing sexual acts.   Thus, both the 3553(a) factors and the need to protect the public from further offenses by this defendant mitigate heavily against

8

early release.

In conclusion, this Court does not have the authority to grant the defendant's motion for compassionate release because the defendant has not met his burden of establishing that a parent is currently medically incapacitated, and that the defendant is the only available caregiver for that incapacitated parent. Lastly, he committed a serious offense against children. The defendant's motion should be dismissed without further consideration.

        Respectfully submitted,

        HAYDEN P. O'BYRNE
        UNITED STATES ATTORNEY

        By:   /s/ *Robert J. Emery*
        ROBERT EMERY
        Assistant United States Attorney
        Court ID No. A5501892
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Telephone: 305-961-9421
        Email: Robert.emery2@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via CM/ECF on May 27, 2025, and mailed on this same date to:

Mitchell Lichtman
PRO SE
Miami FCI
07443-104 Federal Correctional Institution Inmate Mail/Parcels Post Office Box 779800
Miami, FL 33177
USA

*/s/ Robert J. Emery*
Robert J. Emery